IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION

IBEW-NECA SOUTHWESTERN            §
HEALTH AND BENEFIT FUND,          §
AND ITS BOARD OF TRUSTEES,        §
                                  §
            Plaintiffs,            §
                                  § Civil Action No. 3:06-CV-0038-D
VS.                               §
                                  §
DEAN WINSTEL and TERESA           §
WINSTEL, individually and         §
as next friends of B___ M___      §
W___, a minor child, et al.,      §
                                  §
            Defendants.            §

                           MEMORANDUM OPINION
                              AND ORDER

Defendant T. Michael Kennedy, Esquire ("Kennedy") moves to dismiss this action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. He maintains that plaintiffs will not be able to establish that IBEW-NECA Southwestern Health and Benefit Fund ("Fund") is an ERISA[1] plan; that plaintiffs' complaint seeks legal, not equitable relief; and that he does not have actual or constructive possession of the settlement funds in the underlying medical malpractice action, thus placing the funds outside the scope of ERISA.  The court denies the motion.[2]

---

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for

The Fund and its Board of Trustees sue a plan participant and his wife, individually and as next friends of their minor child, the lawyer (Kennedy) who represented them in a medical malpractice case, and a company that holds settlement funds in the form of an annuity for the minor's benefit.  The medical malpractice case was settled against a physician and his professional association.  The plan participant and his wife, Kennedy, and the company received settlement proceeds.  Plaintiffs seek to recover against some or all the defendants under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), on claims for declaratory judgment, injunctive relief and constructive trust, breach of the plan, and under Texas state law against Kennedy for tortious interference with contract.  They maintain that the Fund is entitled to recover covered medical expenses paid to or on behalf of the minor child.

Kennedy contends that his first argument—a challenge to subject matter jurisdiction based on the assertion that plaintiffs will not be able to establish that the Fund is an ERISA plan—presents a factual attack to subject matter jurisdiction. The court disagrees.  If the defendant merely files a Rule 12(b)(1) motion, it is considered a facial attack, and the court is required to examine the sufficiency of the allegations of the complaint, assuming them to be true.  *See Paterson v. Weinberger*, 644 F.2d

---

publication in an official reporter, and should be understood accordingly.

521, 523 (5th Cir. May 1981).  The motion is denied if the allegations are sufficient to allege jurisdiction.  *Id.*  The defendant may make a factual attack on subject matter jurisdiction by submitting evidence, such as affidavits or testimony.  *Id.*  When a factual attack is made, the plaintiff must come forward with proof and demonstrate by a preponderance of the evidence that the court has subject matter jurisdiction.  *Id.*  Although Kennedy has submitted evidence in support of his motion and reply brief, his affidavits do not in any respect challenge as a factual matter that the Fund is an ERISA plan.  The court therefore decides Kennedy's motion based on the allegations of plaintiffs' complaint, assuming them to be true.  Plaintiffs' complaint adequately pleads that the Fund is an ERISA plan.  *See, e.g.,* Compl. ¶¶ 1, 5, 9.  Kennedy's motion is denied on this ground.

Kennedy maintains that his second and third challenges—that plaintiffs' complaint seeks legal, not equitable relief, and that he does not have actual or constructive possession of the settlement funds—present issues of subject matter jurisdiction, but the court holds that they go to the merits of plaintiffs' action.  In *IBEW-NECA Southwestern Health and Benefit Fund v. Douthitt*, 211 F.Supp.2d 812 (N.D. Tex. 2002) (Lindsay, J.), an ERISA fund and its trustees sued a plan participant to recover insurance benefits that he had obtained in connection with a motor vehicle accident.  *Id.* at 814.  The plan participant had incurred

substantial medical bills that the plan had paid. *Id.* at 813. The plaintiffs asserted claims under ERISA § 502(a)(3) for declaratory and injunctive relief, specific performance, restitution, reimbursement, and/or recovery of certain amounts he allegedly owed under the plan and a reimbursement agreement that he had signed. *Id.* The plan participant moved to dismiss for lack of subject matter jurisdiction. Judge Lindsay denied the motion, concluding that plaintiffs sought to impose a constructive trust over funds currently held by the plan participant's attorney in the attorney's client trust account, *id.* at 816, and that the funds were presently in the plan participant's possession and control, *id.*

Judge Lindsay later granted summary judgment in favor of plaintiffs, and the plan participant appealed. The Fifth Circuit affirmed. *See Int'l Bhd. of Elec. Workers-Nat'l Elec. Contractors Ass'n Sw. Health & Benefit Fund v. Douthitt*, 98 Fed. Appx. 306 (5th Cir. 2004) (per curiam) (unpublished opinion). It concluded that the district court had subject matter jurisdiction because plaintiffs' complaint alleged that the plan sought reimbursement from the plan participant of money he had recovered from a third party, to which the plan was entitled under the reimbursement agreement, and that the plan participant had recovered the funds, which were in his attorney's trust account. *Id.* at 307. The panel concluded that "[t]he district court properly exercised subject matter jurisdiction over the instant action because the Plan's suit

was authorized under 29 U.S.C. § 1132(a)(3), and the Plan's complaint sought recovery directly under that statute." *Id.* Significantly for purposes of the present decision, the panel reasoned that "[w]hether [the plan participant] actually recovered the money, whether his attorney actually held the funds, and whether the Plan now possesses the funds or a check *go to the merits of the Plan's claims, not to the question of the district court's jurisdiction.*" *Id.* at 308 (emphasis added).

Because Kennedy's second[3] and third arguments go to the merits, they are evaluated under the Rule 12(b)(6) standard.

> Rule 12(b)(6) motions are to be granted only when, under the highly deferential standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and viewing the allegations of plaintiff's complaint favorably to her, *see, e.g., Royal Bank of Canada v. FDIC*, 733 F. Supp. 1091, 1094 (N.D. Tex.1990) (Fitzwater, J.), the court is able to say beyond doubt that she can establish no set of facts in support of her claims that would entitle her to relief.  It is the exceptional lawsuit that presents a meritorious Rule 12(b)(6) motion.

*Hagen v. BeautiControl Cosmetics, Inc.*, 1998 WL 355479, at *3 (N.D. Tex. June 30, 1998) (Fitzwater, J.).  The court cannot say, based on the complaint alone, that plaintiffs will be unable to recover against Kennedy on a claim that is viable under ERISA.  The court

---

[3]His second argument—that the complaint seeks legal, not equitable relief—goes to the merits because it is affected by the factual circumstances surrounding Kennedy's receipt and disposition of the portion of the settlement proceeds distributed to him for attorney's fees. *See* D. Br. 11-12.

therefore denies Kennedy's motion to dismiss on these grounds, without prejudice to his later establishing on motion for summary judgment that he is entitled to dismissal.

Kennedy's January 30, 2006 motion to dismiss is denied.

**SO ORDERED.**

April 12, 2006.

                                                  _____
                                                  SIDNEY A. FITZWATER
                                                  UNITED STATES DISTRICT JUDGE